Al GABLE, Administrator of the Estate
of Theresa Annette Hughes, deceased,

v.

COMMONWEALTH OF PENNSYLVA-
NIA, DEPARTMENT OF
TRANSPORTATION.

Civ. A. No. 81–2664.

United States District Court,
E. D. Pennsylvania.

Oct. 9, 1981.

Ronald W. Shipman, Easton, Pa., for
plaintiff.

Walter F. Froh, Deputy Atty. Gen., Com.
of Pa., Harrisburg, Pa., for defendant.

MEMORANDUM

TROUTMAN, District Judge.

In July of 1979, while driving a tractor-trailer truck on Route 22 in Northampton County, Pennsylvania, plaintiff's decedent failed to negotiate a curve in the road, flipped the vehicle on its side and slammed into a utility pole. The trapped driver, an eighteen-year-old female, died of asphyxiation before rescue workers could free her. Plaintiff, administrator of decedent's estate, invoking this Court's jurisdiction pursuant to 28 U.S.C. § 1332(a), seeks an appropriate measure of damages from defendant, Commonwealth of Pennsylvania, for negligently maintaining its roads. We grant defendant's motion to dismiss for the reasons that the Commonwealth is not a "citizen" for the purposes of diversity jurisdiction and because of Eleventh Amendment immunity.

The rule that a state is not a "citizen" for diversity purposes is a long-standing one; it enjoys a history of acceptance, *Postal Telegraph Cable Co. v. Alabama,* 155 U.S. 482, 487, 15 S.Ct. 192, 194, 39 L.Ed. 231 (1894), which remains undiluted by the passage of time. *Moor v. County of Alameda,* 411 U.S. 693, 711, 93 S.Ct. 1785, 1796, 36 L.Ed.2d 596 (1973). The Third Circuit recently applied this rule, *Blake v. Kline,* 612 F.2d 718, 726 (3d Cir. 1979), *cert. denied,* 447 U.S. 921, 100 S.Ct. 3011, 65 L.Ed.2d 1112 (1980) which it considers "well settled". *Ramada Inns, Inc. v. Rosemount Memorial Park Association,* 598 F.2d 1303 (3d Cir. 1979). In *Harris v. Pennsylvania Turnpike Commission,* 410 F.2d 1332 (3d Cir.), *cert. denied,* 396 U.S. 1005, 90 S.Ct. 558, 24 L.Ed.2d 497 (1969), a tractor-trailer driver

was injured when forced down an embankment after his vehicle struck a large hole in the road. Affirming the District Court's dismissal, the court noted that diversity jurisdiction was inappropriate since "a state is not a citizen within the meaning of the Constitution or the acts of Congress". *Id.* at 1334, n.1.

Moreover, the Eleventh Amendment bars this action which seeks recovery of money damages of public funds through the state treasury. *Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974), *Helfrich v. Commonwealth of Pennsylvania,* 660 F.2d 88 (3d Cir. 1981), *Laskaris v. Thornburgh,* 661 F.2d 23 (3d Cir. 1981). True, a state may waive both its sovereign and Eleventh Amendment immunity, *Kennecott Copper Corp. v. State Tax Commission,* 327 U.S. 573, 66 S.Ct. 745, 90 L.Ed. 862 (1946), and thereby consent to suit in federal court. However, Pennsylvania has not done so. 42 Pa.C.S.A. § 8521 provides in relevant part:

> (b) Federal Courts—Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suits in Federal Courts guaranteed by the Eleventh Amendment to the Constitution of the United States.

This clear and unequivocal declaration by Pennsylvania that it has not waived its Eleventh Amendment immunity bars the instant action. *See Daye v. Commonwealth of Pennsylvania,* 344 F.Supp. 1337 (E.D.Pa. 1972), *aff'd mem.,* 483 F.2d 294 (3d Cir. 1973).