**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 31 1998**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

## UNITED STATES COURT OF APPEALS

## TENIRCUIT

TENTH CIRCUIT

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, an Illinois corporation,

        Plaintiff-Counter
        Defendant - Appellee,

v.

EUGENE NARVAEZ,

        Defendant-Counter-
        Claimant - Appellant.

No. 97-6271

Appeal from the United States District Court
for the Western District of Oklahoma
(D.C. No. CIV-96-1845-L)

Robert M. Behlen, Oklahoma City, Oklahoma, for Defendant-Appellant.

Timothy D. Cain (Joseph T. Acquaviva, Jr. with him on the brief), of Wilson,
Cain & Acquaviva, Oklahoma City, Oklahoma, for Plaintiff-Appellee.

Before **PORFILIO,  MAGILL,**[*]  and **LUCERO,** Circuit Judges.

---

[*]Honorable Frank J. Magill, Senior Circuit Judge, United States Court of Appeals
for the Eighth Circuit, sitting by designation.

**MAGILL,** Circuit Judge.

After Eugene Narvaez was assaulted while entering his van, he filed a claim for exactly $50,000 in uninsured motorist benefits under his auto insurance policies with State Farm Mutual Auto Insurance Company (State Farm). State Farm denied Narvaez's claim and filed this action for a declaratory judgment that Narvaez's injuries were not covered by the policies. The district court granted State Farm's motion for summary judgment, and Narvaez appeals. Because the district court did not have subject matter jurisdiction over this matter, we reverse and remand with directions to dismiss.

## I.

On July 2, 1996, Narvaez was attacked and beaten in a motel parking lot in Oklahoma City as he was entering his van. The assailant stole Narvaez's van, and Narvaez sustained severe head injuries. At the time of the assault, Narvaez held two auto insurance policies with State Farm. Each policy provided uninsured motorist coverage of up to $25,000 per injured person for injuries arising out of the operation, maintenance, or use of an uninsured motor vehicle. Narvaez made a claim for $50,000, the sum of the policy limits for each of the two policies. After an investigation, State Farm concluded that the uninsured motorist coverage of its policies did not cover Narvaez's injuries, and denied Narvaez's claim.

-2-

On October 29, 1996, State Farm filed a declaratory judgment action in the district court seeking a declaration that the uninsured motorist provisions of its insurance policies with Narvaez did not cover Narvaez's injuries. Responding to the district court's concern that the claim for $50,000 in uninsured motorist coverage failed to meet the minimum amount in controversy required for diversity jurisdiction--an amount in excess of $50,000--State Farm filed an amended complaint that also sought a declaration that State Farm did not owe "interest on the unpaid insurance policies." Am. Compl. at 1, reprinted in App. at 39. In an amended answer, Narvaez counterclaimed, without further explanation, for the recovery of "interest upon insurance contract benefits previously paid to him under the 'medical-payments' provisions of the insurance contract." Answer and Countercl. to Am. Compl. at 1, reprinted in App. at 41. After discovery, the district court granted State Farm's motion for summary judgment, and Narvaez now appeals.

## II.

Although neither party has challenged the district court's jurisdiction, "[i]nsofar as subject matter jurisdiction is concerned, it has long been recognized that a federal court must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings." Tafoya v. Department of

Justice, 748 F.2d 1389, 1390 (10th Cir. 1984). We "must rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states." Miera v. Dairyland Ins. Co., Nos. 97-2048, 97-2135, 1998 WL 226272, at *2 (10th Cir. May 7, 1998). "[T]he burden of proving jurisdiction is on the party asserting it," Gibson v. Jeffers, 478 F.2d 216, 221 (10th Cir. 1973), and we review the district court's subject matter jurisdiction over this matter de novo. See Rosette Inc. v. United States, 141 F.3d 1394, 1395 (10th Cir. 1998).

When this action was filed, 28 U.S.C. § 1332 provided for diversity jurisdiction "where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs." 28 U.S.C. § 1332(a) (1994) (emphasis added). The Supreme Court has held that when deciding whether the amount in controversy is adequate, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." Saint Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938) (footnote omitted). In other words, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Id. at 289.

Where insurance coverage is denied, the maximum "amount in controversy is the maximum limit of the insurer's liability under the policy." Farmers Ins. Co. v. McClain, 603 F.2d 821, 823 (10th Cir. 1979) (quotations and emphasis omitted). Accordingly, the dispute between State Farm and Narvaez over $50,000

in uninsured motorist benefits, alone, is inadequate to confer subject matter jurisdiction.

State Farm argues that its claim that it did not owe interest on the unpaid uninsured motorist benefits can be included in calculating the amount in controversy because it is a substantive part of Narvaez's insurance claims. We disagree. Section 1332 provides that the amount in controversy must be met without considering "interest and costs." 28 U.S.C. § 1332. The purpose of excluding interest is "to prevent the delaying of a suit merely to accumulate the necessary amount for federal jurisdiction." Branin v. Melikian, 396 F.2d 153, 155 (3d Cir. 1968) (denial of Pet. for Reh'g en banc). Thus, interest is not counted if it "was an incident arising solely by virtue of a delay in payment" of the underlying amount in controversy. Id. at 154. Here, if State Farm was ultimately obligated to pay Narvaez the uninsured motorist benefits, the interest on the unpaid policies would arise solely by virtue of State Farm's delay in paying the insurance claim. This is precisely the type of interest that § 1332 prohibits us from considering. See Principal Mut. Life Ins. Co. v. Juntunen, 838 F.2d 942, 943 (7th Cir. 1988) (per curiam) (interest from the date insurance benefits were due until the date of payment is not considered in amount in controversy because it "is a sum that becomes due because of delay in payment"). Thus, in

determining the amount in controversy, we will not consider State Farm's claim that it does not owe interest on the unpaid policies.

State Farm next argues that, in calculating the amount in controversy, we should consider Narvaez's counterclaim for interest on medical payments. The counterclaim, standing alone, is worth less than the jurisdictional amount,[1] but State Farm argues that it can be aggregated with the claim in its complaint to reach the jurisdictional threshold. We need not decide whether the value of an insufficient counterclaim can be added to the value of an insufficient claim to calculate the amount in controversy, compare Geoffrey E. Macpherson, Ltd. v. Brinecell, Inc., 98 F.3d 1241, 1245 n.2 (10th Cir. 1996) (counterclaim can be considered when, standing alone, it satisfies the amount in controversy requirement) with 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3706, at 118 (1985) ("On balance, however, aggregating two insufficient claims in the claim-counterclaim situation seems to be too large a step for the federal courts to take under the existing jurisdiction statutes, especially in the diversity of citizenship context." (emphasis added)), because Narvaez's counterclaim was inadequately pleaded and subsequently abandoned, and Narvaez all but admitted that it was concocted solely to obtain federal jurisdiction.

---

[1]At oral argument, State Farm admitted that it was worth less than $25,000.

State Farm has failed to carry its burden of showing that the medical interest counterclaim was not meritless to a legal certainty, see Saint Paul Mercury Indem., 303 U.S. at 289 (legal certainty test), because neither party alleged facts explaining the basis of the counterclaim, and we cannot determine what the medical payments were for, why the medical payments were overdue, how long the payments were overdue, or, most importantly for jurisdictional purposes, the amount of payments that were overdue and upon which interest purportedly accrued. See Gibson, 478 F.2d at 221 ("Although allegations in the complaint need not be specific or technical in nature, sufficient facts must be alleged to convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor." (footnote omitted)). Additionally, because the counterclaim was never litigated and was not the subject of any discovery and its merits were not argued in the parties' motions for summary judgment or on appeal, the counterclaim was abandoned. See Phillips v. Calhoun, 956 F.2d 949, 950 n.2 (10th Cir. 1992). Although dismissed claims may be considered in determining the amount in controversy, see Geoffrey E. MacPherson, 98 F.3d at 1244-45 (a party may voluntarily dismiss a claim to permit the district court to enter a final judgment in its favor without affecting the amount in controversy), we will not consider the abandoned medical interest counterclaim in the circumstances of this case because its prompt abandonment

without any development leads us to believe that it was not actually in controversy. Indeed, counsel who raised the counterclaim admitted at oral argument that it was "somewhat trivial" and "really was calculated to allow the district court to hear the case." See Emland Builders, Inc. v. Shea, 359 F.2d 927, 929 (10th Cir. 1966) (claims must be "asserted by [the plaintiff] in good faith, as jurisdiction cannot be conferred or established by colorable or feigned allegations solely for such purpose"); cf. Flast v. Cohen, 392 U.S. 83, 100 (1968) (cases are nonjusticiable when they are "feigned or collusive in nature"). Accordingly, because the amount actually in controversy is exactly $50,000, the limit of Narvaez's policies, the district court lacked subject matter jurisdiction.

Finally, State Farm invokes 28 U.S.C. § 1653 and asks this Court to allow it to add an additional claim to its complaint that, when added to the uninsured motorist claim, would state the jurisdictional amount. Section 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653 (1994). However, § 1653 does not "empower federal courts to amend a complaint so as to produce jurisdiction where none actually existed." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 831 (1989). Accordingly, we cannot permit State Farm to add a new claim to satisfy the amount in controversy because subject matter jurisdiction never actually existed over the present action. Cf. Brennan v. University of Kan., 451 F.2d

1287, 1289 (10th Cir. 1971) (§ 1653 "concerns defects of form, not substance," and therefore does not authorize court to add a federal claim to preserve jurisdiction).

We REMAND this matter to the district court for purposes of dismissing the case for lack of jurisdiction.