F I L E D
United States Court of Appeals
Tenth Circuit

APR 30 1999

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

CHERIENE S. NOWICK,

      Petitioner-Appellant,

v.

THOMAS L. STRICKLAND, United
States Attorney for the District of
Colorado; * JANET RENO, United
States Attorney General,

      Respondents-Appellees.

No. 98-1206
(D.C. No. 97-S-1130)
(D. Colo.)

---

CHERIENE S. NOWICK,

      Petitioner-Appellant,

v.

DONNA A. BUCELLA, Director,
Executive Office for United States
Attorneys; ** THOMAS L.

98-1207
(D.C. No. 97-S-2247)
(D. Colo.)

---

\*     Pursuant to Fed. R. App. P. 43(c)(2), Thomas L. Strickland is substituted
for Henry Solano, United States Attorney for the District of Colorado, as a
defendant in this action.

\*\*     Pursuant to Fed. R. App. P. 43(c)(2), Donna A. Bucella is substituted for
Carol DiBattiste, Director, Executive Office for United States Attorneys, as a
defendant in this action.

STRICKLAND, United States
Attorney for the District of Colorado;       *
JANET RENO, United States Attorney
General,

                Respondents-Appellees.

CHERIENE S. NOWICK,

                Petitioner-Appellant,

v.                                              No. 98-1212
                                             (D.C. No. 97-S-1786)
KATHLEEN DAY KOCH, Special                        (D. Colo.)
Counsel, United States Office of
Special Counsel; THOMAS L.
STRICKLAND, United States
Attorney for the District of Colorado,        *

                Respondents-Appellees.

_____

ORDER AND JUDGMENT ***

_____

Before **BALDOCK** , **BARRETT** , and **HENRY** , Circuit Judges.

_____

_____

***      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

2

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). These cases are therefore ordered submitted without oral argument.

In these appeals, we review the district court's orders denying three petitions for writs of mandamus requested by petitioner Cheriene S. Nowick, pursuant to 28 U.S.C. § 1361, to compel rulings on her various personnel grievances. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

During the relevant dates, petitioner was employed as a paralegal by the United States Attorney for the District of Colorado. She alleges that she was subjected to numerous adverse personnel actions in retaliation for her refusal to approve promotions she determined did not comport with the applicable law. She filed grievances to protest the adverse actions. The United States Office of Special Counsel (OSC), as the agency charged with investigating petitioner's grievances, concluded that petitioner's employer had not committed any unfair employment practices and closed its investigation. Petitioner then filed the three underlying mandamus actions. The district court determined it was without jurisdiction to review personnel decisions, except to ensure that the OSC had complied with its statutory duties to investigate grievances and provide the complainant with an appropriate written statement at the conclusion of the

3

investigation. The district court denied all three requests for mandamus relief. Petitioner appeals.

We review a district court's denial of a writ of mandamus for an abuse of discretion but we review de novo whether the legal prerequisites for mandamus relief have been met. See Marquez-Ramos v. Reno, 69 F.3d 477, 479 (10th Cir. 1995). The party asserting jurisdiction in a federal court bears the burden of proving jurisdiction. See State Farm Mut. Auto. Ins. Co. v. Narvaez, 149 F.3d 1269, 1271 (10th Cir. 1998). We review de novo whether subject matter jurisdiction lies. See id.

In appeal No. 98-1206, petitioner appeals the denial of a writ of mandamus requiring the United States Attorney for the District of Colorado to rescind a reprimand given to her by her supervisor. She claims that mandamus is appropriate because the United States Attorney had a duty to issue a fair decision on the grievance and the decision to reprimand her was not fair. The United States Attorney declined to interrupt the grievance process and directed her to pursue her disagreement by that avenue. See Appellant's App. (appeal No. 98-1212), at 272-73. Petitioner's sole remedy is to follow the grievance procedures provided by the Civil Service Reform Act (CSRA). See United States v Fausto, 484 U.S. 439, 454-55 (1988) (CSRA provides exclusive remedy under Federal Back Pay Act); Bush v. Lucas, 462 U.S. 367, 388-90 (1983) (CSRA

4

preempts Bivens action); Steele v. United States, 19 F.3d 531, 532-33 (10th Cir. 1994) (CSRA provides exclusive remedy for whistleblowing and EEOC activities). Accordingly, the federal courts do not have jurisdiction to review the propriety of the reprimand issued to petitioner. The district court's dismissal of this mandamus action was correct.

In appeal No. 98-1207, petitioner appeals the denial of a writ of mandamus requiring the Director of the Executive Office for United States Attorneys (EOUSA), to issue an initial ruling on four grievances. Although her appellate briefs do not clearly identify on which four grievances this case is based, cf. United States v. Rodriguez-Aguirre, 108 F.3d 1228, 1237 n.8 (10th Cir.) (appellant bears responsibility of tying relevant facts, supported by specific citations to the record, to her legal contentions), cert. denied, 118 S. Ct. 132 (1997), it appears from her opening brief and her petition for writ of mandamus that it relates to the following grievances: (1) failure to recognize and compensate supervisory duties, (2) removal of supervisory duties, (3) reduction in office space and change of title, and (4) retaliation for petitioner's refusal to violate a law. Relying on Department of Justice Order 1771.1B, petitioner asserts that the EOUSA director was required to rule on her grievances within 120 days after they were filed. She alleges that many months passed without a ruling, thus entitling her to a writ of mandamus. Petitioner has not provided to the court a copy of the

5

order or regulation on which she relies, as required by Fed. R. App. P. 28(f) ("If the court's determination of the issues presented requires the study of statutes, rules, regulations, etc., the relevant parts must be set out in the brief or in an addendum at the end, or may be supplied to the court in pamphlet form."). Nevertheless, the record reflects that the OSC issued a final ruling on these grievances. See Appellant's App. (case No. 98-1212), at 398-400, 403. Therefore, the relief petitioner seeks is, in effect, a review of the merits of the grievances. For the reasons and authorities stated above in appeal No. 98-1206, petitioner's sole remedy is provided by the CSRA, and the federal courts are without jurisdiction to determine the merits. Accordingly, we affirm the district court's dismissal of this action.

In appeal No. 98-1212, petitioner appeals the denial of a writ of mandamus requiring the OSC to conduct an investigation of additional grievances filed by petitioner and denied at the first steps of the grievance process. Pursuant to 5 U.S.C. § 1214(a)(1)(A), the OSC is required to investigate any allegation of a prohibited personnel practice. When the OSC terminates an investigation, it must give notice to the complaining party prior to termination, see id. § 1214(a)(1)(D), and again at the time the investigation is terminated, see id. § 1214(a)(2)(A). Petitioner states that no investigation was conducted, but the record establishes that the OSC did investigate petitioner's grievances. Petitioner asserts that the

investigation was tantamount to no investigation whatsoever because the investigation was shoddy, unfair and designed to protect the United States Attorney for the District of Colorado, rather than reach the truth. To support her argument that the OSC's investigation was manifestly unfair, she points to her depiction of the events and the conclusions she draws from them. She also complains that the OSC ignored and misrepresented the evidence, mischaracterized her allegations, and did not interview any witnesses, but see Appellant's App. (appeal No. 98-1212), at 285 (petitioner acknowledges that investigator interviewed six of her twenty-four witnesses).

Although petitioner maintains that she seeks only a fair investigation, the relief she requests is, in effect, reconsideration of the merits of her grievances. Judicial review is limited to a determination of whether the OSC complied with its statutory duties to investigate grievances and provide the complainant with an appropriate written statement at the conclusion of the investigation. See, e.g., Tiltti v. Weise, 155 F.3d 596, 601 (2d Cir. 1998); DeLeonardis v. Weiseman, 986 F.2d 725, 727 (5th Cir. 1993). We affirm the district court's ruling that the OSC performed its statutory duties and we find no abuse of discretion in its decision to deny mandamus relief.

The district court's judgments are AFFIRMED.

Entered for the Court


Robert H. Henry
Circuit Judge