**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

RICHARD MAYNOR
BLACKSTOCK,

        Defendant - Appellant.

_____

RICHARD MAYNOR
BLACKSTOCK,

        Plaintiff - Appellant,

v.

TERENCE C. KERN, United States
District Court,

        Defendant - Appellee.

No. 06-5201
N.D. Okla.
(D.C. No. 06-CR-62-K)

NO. 06-5198
N.D. Okla.
(D.C. No. 06-CV-497-K)

---

**ORDER AND JUDGMENT**[*]

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

A jury found Richard Maynor Blackstock guilty of thirty-two counts of aiding and assisting the preparation of fraudulent tax returns in violation of 26 U.S.C. § 7206(2). Blackstock has filed a direct criminal appeal and a habeas petition claiming numerous errors.[1] We affirm in part and dismiss in part.

## I. BACKGROUND

For several years Blackstock ran an operation whereby he convinced his clients he could retrieve the entirety of the taxes paid on their income, charging only a ten percent contingency fee for his services. Eventually the government indicted Blackstock, alleging thirty-two counts of the wilful preparation of tax returns, while working as a tax preparer, which fraudulently claimed the entire amount of wages, salaries and other compensation as deductions with knowledge of such impropriety under tax law.

---

[1] Blackstock proceeds pro se on appeal. Thus, we will construe his pleadings liberally. *Freeman v. Watkins*, 479 F.3d 1257, 1258 (10th Cir. 2007).

On April 18, 2006, the court appointed Jeffrey McGrew to represent Blackstock. Disregarding appointed counsel, Blackstock filed a pro se pre-trial motion to dismiss the indictment for lack of jurisdiction, claiming the district court lacked jurisdiction over him because, he argued, he was not a United States citizen but rather a citizen of Oklahoma. The district concluded it had personal and subject matter jurisdiction and denied the motion.

At the arraignment on June 15, 2006, Oscar Stilley entered an appearance as retained counsel and announced he was ready for trial. McGrew was ordered to continue as stand-by counsel. At a motion hearing a few days later, Stilley stated he would represent Blackstock at trial. McGrew was again ordered to remain as stand-by counsel. Stilley represented Blackstock at the jury trial, held on June 19 through 22, 2006.

The district court instructed the jury to decide whether Blackstock had "acted willfully, that is, with the voluntary intent to violate a known legal duty" regarding the tax laws at issue. (R. Vol. I, Doc. 58 at 23.) Blackstock contends the issue is a question of law. The jury returned a guilty verdict on all counts.

After trial, Blackstock wished to fire both Stilley and McGrew and proceed pro se. The district court granted the attorneys' subsequent motions to withdraw and appointed, Dennis Caruso, to represent Blackstock at sentencing. Blackstock objected to Caruso's appointment, claiming all his attorneys were constitutionally ineffective.

Prior to sentencing, Blackstock filed pro se objections to the Pre-Sentence Report (PSR).  Although Caruso was present at sentencing, Blackstock objected and stated he wished to proceed pro se.  At the sentencing hearing, Caruso stated Blackstock refused to meet with him to discuss the case or otherwise cooperate with him.  The district court noted Blackstock's numerous ineffective assistance complaints, but determined the trial performance of his previous attorney, Stilley, was not constitutionally ineffective.

The court proceeded to sentence Blackstock.  Over Blackstock's objection, the court applied USSG §§2T1.4 and 2T4.1, setting the base offense level at 20 based on a total loss of $827,587.  This total included both actual and intended losses.  The court also applied a 2-level increase under §2T1.4(b)(1) because Blackstock was in the business of preparing or assisting in the preparation of tax returns.  The adjusted offense level was 22.  Based on a criminal history category of I, the guideline range was 41 to 51 months.  Recognizing the guidelines are advisory and considering the factors enumerated in 18 U.S.C. § 3553(a), the court sentenced Blackstock to 36 months imprisonment on Count 1 and 12 months each on all of the other counts.  The court directed these latter sentences to run concurrently with each other and consecutively to the sentence for count 1, resulting in a total of 48 months imprisonment.

Blackstock filed a direct criminal appeal (No. 06-5201) challenging the sufficiency of the indictment and the jurisdiction of the court, both personal and

subject matter.  He also claims the court's jury instructions were in error because the existence of a known legal duty was a question of law rather than a question of fact.  In addition, he protests the district court's use of judge found facts to sentence him and maintains his trial counsels' performance failed to meet the standards under the Sixth Amendment's effective assistance of counsel guarantee.

Blackstock also filed a habeas corpus petition in the district court.  The district court dismissed his petition without prejudice.  Blackstock also appeals from that decision (No. 06-5198).  For convenience, we have consolidated both appeals and consider the cases in turn.

## II. DISCUSSION

A.    No. 06-5198, Habeas Appeal

1.    *Appellate Jurisdiction*

As we have noted, the district court dismissed Blackstock's habeas petition without prejudice, citing the rule that district courts should not normally consider collateral proceedings while the underlying criminal case is on direct appeal.  *See United States v. Prows*, 448 F.3d 1223, 1228 (10th Cir. 2006).  Although the parties have not raised the issue, "a federal court must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings." *State Farm Mut. Auto. Ins. Co. v. Narvaez*,  149 F.3d 1269, 1270 -1271 (10th Cir. 1998).  28 U.S.C. § 2253, the jurisdictional statute governing habeas appeals, requires a "final order" before it vests the Court of Appeals with

-5-

jurisdiction. The district court made it clear in its order dismissing the petition that Blackstock would have the ability to re-file his habeas petition after the disposition of his direct appeal; therefore, the district court's disposition was without prejudice, and consequently non-final. Because we lack jurisdiction over the appeal, we dismiss Blackstock's habeas appeal and proceed to consider Blackstock's direct appeal.

### B. No. 06-5201, Direct Appeal

#### 1. *Sufficiency of the Indictment*

Blackstock alleges the indictment is void because it did not allege "the ultimate facts" to be presented to the jury and because it failed to charge "'crimes' or 'offenses' cognizable in a court of the United States . . . ." (Appellant's Br. at 8.) We review the sufficiency of an indictment de novo. *United States. v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006).

"[A]n indictment is sufficient if it provides the defendant with adequate notice of the charges and an opportunity to prepare his defense." *United States v. Lotspeich*, 796 F.2d 1268, 1273 (10th Cir. 1986). Blackstock's indictment included sufficient details for each count to put him on notice of the charges and give him an opportunity to prepare a defense, including the date of each offense, the initials of the taxpayers involved, the tax year and form used for the returns, and the amount of the false deductions claimed.

#### 2. *District Court's Jurisdiction*

Blackstock also argues the district court lacked subject matter jurisdiction and personal jurisdiction over him because he is a citizen of a state and not a citizen of the United States. We review a challenge to the district court's jurisdiction de novo. *United States v. Roberts*, 185 F.3d 1125, 1129 (10th Cir. 1999).

We need not spend much time on this frivolous claim. In *United States v. Lussier*, the court rejected the defendant's "'silly claim'" that the district court lacked personal and subject matter jurisdiction because he was arrested on land not actually owned and administered by the federal government. 929 F.2d 25, 27 (1st Cir. 1991). The court stated:

> It is well settled that a district court has *personal* jurisdiction over any party who appears before it, regardless of how his appearance was obtained. 18 U.S.C. § 3231, moreover, gives the district court subject matter jurisdiction over "all offenses against the laws of the United States." This category of offenses obviously includes the [tax] crimes defined in Title 26.

*Id.* (citations omitted). It simply "defies credulity to argue that the district court lacked jurisdiction to adjudicate the government's case against defendant." *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990).

3. *Whether the existence of a "known legal duty" is a question of fact or law*

Blackstock argues the district court should have determined whether there

was a "known legal duty" as a matter of law instead of submitting the matter to a jury.[2]

"The proliferation of statutes and regulations has sometimes made it difficult for the average citizen to know and comprehend the extent of the duties and obligations imposed by the tax laws." *Cheek v. United States*, 498 U.S. 192, 199-200 (1991). "Congress has accordingly softened the impact of the common-law presumption [that every person knew the law] by making specific intent to violate the law an element of certain federal criminal tax offenses." *Id.* at 200. Thus, the Supreme Court has held the "willfulness" element requires "the 'voluntary, intentional violation of a known legal duty.'" *Id.* at 201. To make this showing, "the Government [must] prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty." *Id.*

The *Cheek* court made clear that "[k]nowledge and belief are characteristically questions for the factfinder . . . ." *Id.* at 203. Indeed, the Court disapproved of the Seventh Circuit's "[c]haracteriz[ation] of a particular belief as not objectively reasonable [because it] transforms the inquiry into a legal one and would prevent the jury from considering it." We have applied the *Cheek* wilfulness standard to the same statute under which Blackstock was convicted.

---

[2] We are intrigued that a defendant would argue the question is a matter for the judge instead of the jury. Were he successful in his argument, Blackstock would have ceded a matter from the jury of his peers to a judicial official.

*See United States v. Ambort*, 405 F.3d 1109, 1114 (10th Cir. 2005). Thus, it seems plain the district court properly submitted the question of Blackstock's knowledge to the jury.

Blackstock points to a pair of Fourth Circuit cases for the rule that "when the law is vague or highly debateable, a defendant – actually or imputedly – lacks the requisite intent to violate it." *United States v. Critzer*, 498 F.2d 1160, 1162 (4th Cir. 1974); *accord United States v. Mallas*, 762 F.2d 361, 363 (4th Cir. 1985) ("Criminal prosecution for the violation of an unclear duty itself violates the clear constitutional duty of the government to warn citizens whether particular conduct is legal or illegal."). However, Blackstock fails to recognize the defendants in these cases were charged based on conduct that presented difficult questions of tax law: *Mallas* dealt with "[w]hether annual advance minimum royalties that are recoupable from warranted coal reserves acquired after execution of a lease but before payment of the royalty may be deducted from gross income," *Mallas*, 762 F.2d at 363, and *Critzer* dealt with whether the defendant was required to report income derived from land held by the government in trust for the Eastern Cherokee Indians, a point upon which different branches of government disagreed. *Critzer*, 498 F.2d 1161.

It is easy to see how Blackstock's citations miss the mark; here, the law clearly defines the proscribed conduct. Blackstock does not show any legal authority suggesting it was debatable whether he could legally assist in the filing

of returns which claimed *all* of the compensation, wages or other income as deductions. We therefore conclude the district court correctly followed the teaching of *Cheek* in submitting the issue to the jury.

4. *Sentencing*

Blackstock argues the district court committed "constitutional *Booker* error" by using judge found facts to enhance his sentence. *United States v. Gonzalez-Huerta*, 403 F.3d 727, 731 (10th Cir.) (en banc), *cert. denied,* 126 S.Ct. 495 (2005). Blackstock fails to recognize, however, that a court commits constitutional *Booker* error only when the court uses judge found facts to enhance a sentence under a mandatory guidelines system. *Id.* In this case, the district court clearly recognized the guidelines were "advisory and not mandatory." (R. Vol. XI at 38.) Thus, the judge's sentencing could not have constituted constitutional *Booker* error.

5. *Ineffective assistance of counsel*

Finally, Blackstock alleges in his direct criminal appeal that his counsel was ineffective. "Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc).

"[I]n rare instances an ineffectiveness of counsel claim may need no further development prior to review on direct appeal." *Id.* This exception is not

applicable here. Our review would be much aided by the development of testimony and evidence as well as the district court's resolution of the issue. Blackstock's ineffective assistance claim will be dismissed.

### III.  CONCLUSION

We **DISMISS** Blackstock's appeal from the dismissal of his habeas petition and the ineffective assistance of counsel claim and **AFFIRM** all remaining claims. In light of the disposition of these appeals, we also **GRANT** counsel's pending motion to withdraw.

ENTERED FOR THE COURT


Terrence L. O'Brien
Circuit Judge