FILED
United States Court of Appeals
Tenth Circuit

January 20, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PAUL D. KATEKARU,

Defendant - Appellant.

No. 09-3193

(D. Kansas)

(D.C. No. 87-CR-20063-1-KHV)

---

ORDER AND JUDGMENT[*]

---

Before **HARTZ**, **SEYMOUR**, and **ANDERSON**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and appellant Paul D. Katekaru, proceeding *pro se*, appeals the denial of his motion under a prior version of Fed. R. Crim. P. 35(a) (1986) to

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

correct his allegedly illegal sentence, as well as the denial of his motion to reconsider. We affirm the denial of both motions.

On June 23, 1987, Mr. Katekaru was charged by information with one count of filing a false claim against the United States, in violation of 18 U.S.C. § 287, and with one count of fraudulent use of a Social Security number, in violation of 42 U.S.C. § 408(g)(2) (1993). Mr. Katekaru pled guilty pursuant to a plea agreement on June 26, 1987. The terms of the plea agreement required the following: (a) that Mr. Katekaru enter pleas of guilty to the two alleged counts; (b) that Mr. Katekaru cooperate with the investigating authorities; (c) that the government would not make recommendations concerning, nor would it take a position at, sentencing; and (d) that the government would file no further counts against Mr. Katekaru. Pet. to Enter Plea of Guilty at 4, R. Vol. 1 at 18.

The district court sentenced Mr. Katekaru on August 10, 1987, to consecutive terms of five years on each count, but committed him for a study under 18 U.S.C. § 4205(d), so that the sentences imposed could later be modified under 18 U.S.C. § 4205(c).[1] On November 25, 1987, after the study was

---

[1]Both 18 U.S.C. §§ 4205(d) and (c) have been repealed, but they still apply to offenses committed before November 1, 1987. Prior to its repeal, § 4205(c) stated that a district court "may order a study" of a defendant when the court "desires more information" prior to sentencing. Prior to its repeal, § 4205(d) stated: "Upon commitment of a prisoner sentenced to imprisonment . . . the Director . . . shall cause a complete study to be made of the prisoner and shall furnish to the Commission a summary report together with any recommendations which in his opinion would be helpful in determining the suitability of the

(continued...)

completed, the district court reduced Mr. Katekaru's sentence on count one (false claim) to a term of a year and one day, and it placed Mr. Katekaru on five years' probation for count two (fraudulent use of a Social Security number). The district court also ordered Mr. Katekura to make restitution to the Internal Revenue Service in the amount of $13,124.56. See United States v. Katekaru, 7 F.3rd 1045, 1993 WL 415271 (10th Cir. Oct. 20, 1993) (unpublished).

The Bureau of Prisons released Mr. Katekaru from confinement on June 10, 1988, and at that time he commenced his five-year probation period. On October 2, 1992, Mr. Katekaru's probation officer filed a petition to revoke probation, alleging several violations of the terms and conditions of his probation. After a hearing, the district court revoked Mr. Katekaru's probation and sentenced him to imprisonment for a year and a day on count two. The court contemporaneously ordered Mr. Katekaru to pay the balance then due on the earlier restitution order, which the court determined to be $2,987.11. Our court affirmed. See id.

As of now, Mr. Katekaru has completed his sentence and supervision more than a decade ago. On December 9, 2008, Mr. Katekura filed a "Motion to Correct An Illegal Sentence Pursuant to Rule 35(a), Fed. R. Cr. P." He appears to have alleged that his sentence was, in some way, illegal because it breached the

---

[1](...continued)
prisoner for parole. . . ."

plea agreement. The district court characterized Mr. Katekaru's claim as alleging that "the Court improperly relied on the sentencing recommendation of the United States Attorney." Mem. and Order at 1, R. Vol. 1 at 34.[2]

The district court denied Mr. Katekaru's motion, concluding that it appears "moot because the Court sentenced defendant in 1987 and he completed his sentence a decade ago." Id. (citing State Farm Mut. Auto. Ins. Co. v. Narvaez, 149 F.3d 1269, 1270-71 (10th Cir. 1998) (holding that at every stage of a proceeding, a federal court must sua sponte satisfy itself that it has the power to adjudicate a case)). We agree with the district court's analysis, for substantially the reasons stated in its memorandum and order dated 3/19/2009. Mr. Katekaru then filed a motion to reconsider, which the district court again denied. We also affirm that denial, for substantially the reasons stated in its memorandum and order dated 7/2/2009. Furthermore, despite his myriad arguments, Mr. Katekaru fails to convince us that there was anything *illegal* about his sentence.

For the foregoing reasons, we AFFIRM the district court's decisions.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[2]Inasmuch as the plea agreement did state that the government would make no recommendations concerning sentencing, Mr. Katekaru presumably intends to argue that any reliance on the sentencing recommendation of the United States Attorney would be a violation of the plea agreement.