The PEOPLE OF the STATE OF
CALIFORNIA, Plaintiff,

v.

STEELCASE INC., etc.,
et al., Defendants.

No. CV 92–1618 AWT.

United States District Court,
C.D. California.

April 30, 1992.

Ira Reiner, Dist. Atty., Michael J. Delaney, Martin L. Herscovitz, Deputy Dist. Attys., Los Angeles, Cal., for plaintiff.

John H. Brinsley, William Billick, Peter J. Most, Nicki M. Varyu, Paul, Hastings, Janofsky & Walker, Los Angeles, Cal., for defendant Steelcase Inc.

## MEMORANDUM OPINION AND ORDER

TASHIMA, District Judge.

This is a civil enforcement action brought by the People of the State of California (People) by and through the District Attorney of the County of Los Angeles, State of California. The complaint charges two violations of state law: the state antitrust statute, known as the Cartwright Act, Cal. Bus. & Prof.Code, § 16720 *et seq.*, and the state unfair competition statute, Cal.Bus. & Prof.Code, § 17200 *et seq.* The complaint seeks injunctive relief under both statutes and civil penalties under the unfair competition statute. Cal.Bus. & Prof.Code, § 17206.

The action was removed to this court on the asserted jurisdictional basis of diversity of citizenship. Because of substantial doubt as to the existence of diversity jurisdiction, the court *sua sponte* issued an order to show cause (OSC) why this action should not be remanded to state court. The issues have now been fully briefed in the parties' responses to the OSC.[1] For the reasons stated below, the court concludes that diversity of citizenship jurisdiction does not exist in this case and that the Eleventh Amendment prohibits removal of this case to federal court.

## I

Defendant first contends that diversity jurisdiction exists because the real party in interest[2] is "the County as purchaser of Steelcase furniture," and counties are citizens of the state for purposes of diversity jurisdiction. *Moor v. County of Alameda*, 411 U.S. 693, 721, 93 S.Ct. 1785, 1801–02, 36 L.Ed.2d 596 (1973). Defendant argues that although the action is purportedly brought in the name of the People, under the Cartwright Act, a district attorney is authorized to prosecute civil actions only on behalf of the county or public agencies located within the county. Cal.Bus. & Prof.Code § 16750(g).

While defendant accurately quotes the Cartwright Act, it fails to mention that the unfair competition statute expressly authorizes this action to be prosecuted in the name of the People. An action for civil penalties under that statute expressly may be "brought in the name of the people of the State of California by the Attorney General or by any district attorney...." Cal.Bus. & Prof.Code § 17206(a). That act also authorizes a district attorney to prosecute actions for injunctive relief. Cal.Bus. & Prof.Code § 17204.[3]

■ Thus, at least with respect to the Second Cause of Action, which seeks both civil penalties and injunctive relief under Cal.Bus. & Prof.Code § 17200 *et seq.*, the

---

1. In its notice of removal, defendant contended that this action was removable because it was a *parens patriae* action. It argued that such an action is brought on behalf of the citizens of California who are the real parties in interest; therefore, that complete diversity of citizenship existed because all plaintiffs are citizens of California and defendant is a citizen of Michigan. In its response to the OSC, defendant has abandoned this contention and the court need not pursue it further.

2. Defendant correctly notes that the existence of diversity of citizenship jurisdiction should be based on an examination of the citizenship of the real parties in interest. *Navarro Sav. Ass'n*

*v. Lee*, 446 U.S. 458, 460–61, 100 S.Ct. 1779, 1781–82, 64 L.Ed.2d 425 (1980).

3. Section 17204 does not expressly state that an injunctive action may be brought in the name of the People. Because of the express grant of authority to the district attorney in § 17206(a), to proceed in the name of the People, the court need not decide whether such a right may be implied under § 17204. It also need not decide the related issue of whether, under either the Cartwright Act or the unfair competition statute, the district attorney retains any common law power to proceed in the name of the People in a civil enforcement action.

People is the proper party plaintiff and the real party in interest. Civil penalties are not damages recovered for the benefit of private parties; they are more akin to a criminal enforcement action and are brought in the public interest.[4]

■ The People are the same party as the State of California (State) and the district attorney has the authority to bind the State. *People of the State of California v. Mendez,* 234 Cal.App.3d 1773, 1783 (1991). Thus, in this civil penalty enforcement action, the State of California is the real party in interest. This has at least two consequences.

## II

■ First, for diversity purposes, a state is not a citizen of itself. Therefore, it cannot sue or be sued in a diversity action. *Moor,* 411 U.S. at 717. Even assuming *arguendo* that defendant is correct that the County of Los Angeles is the real party in interest and the proper party in the Cartwright Act claim, diversity jurisdiction does not lie because, under long-established teaching, there must be complete diversity, *i.e., all* plaintiffs must be diverse from defendant. *E.g., Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Here, there cannot be complete diversity because, to repeat, the State of California is not a citizen of any state.[5]

## III

■ Independent of its failure to meet the complete diversity test, the court lacks jurisdiction over this case because of the bar of the Eleventh Amendment to the Constitution. The Eleventh Amendment is a grant of sovereign immunity to a state against suit in federal court. It is in "the nature of a jurisdictional bar." *Alabama v. Pugh,* 438 U.S. 781, 782 n. 1, 98 S.Ct. 3057, 3058 n. 1, 57 L.Ed.2d 1114 (1978) (per curiam), quoting from *Edelman v. Jordan,* 415 U.S. 651, 678, 94 S.Ct. 1347, 1363, 39 L.Ed.2d 662 (1974).

Defendant, relying on the literal wording of the Eleventh Amendment, contends that this is not a "suit ... *against* one of the United States ..." (emphasis added) because the State is the plaintiff. However, since the immunity granted by the Eleventh Amendment is an immunity from being made an involuntary party to an action in federal court, it should apply equally to the case where the state is a plaintiff in an action commenced in state court and the action is removed to federal court by the defendant.

The statute under which this action was removed requires, for an action to be removable, that the district courts "have original jurisdiction" over the action. 28 U.S.C. § 1441(a). Because of the jurisdictional bar of the Eleventh Amendment, the district courts would not have original jurisdiction over this action, absent the consent of the State. The State does not consent to removal. Therefore, subject matter jurisdiction is lacking, at least as to the claim under the unfair competition statute.

## IV

■ Although, where removal is predicated on federal question jurisdiction, removal is permitted even where a "nonremovable" claim is joined with the removable claim, *see* 28 U.S.C. § 1441(c), no such exception exists for diversity-based remov-

---

**4.** All criminal actions are brought in the name of the People. Cal.Pen.Code § 684. The vast majority of felony prosecutions are instituted by district attorneys who prosecute them through the trial court. Cal.Gov't Code § 26501 (this section also appears impliedly to recognize the district attorney's authority to engage in "civil cases on behalf of the people"). In most criminal appeals, as a perusal of the California appellate reports discloses, the People are represented by the Attorney General. *Cf.* Cal.Pen.Code § 1256 (district attorney to assist and cooperate with attorney general in criminal appeals). In sum, the attorney general and district attorneys represent the same party in criminal actions, the People. *See* Cal. Const., Art. 5, § 13; Cal. Gov't Code § 12550 (attorney general's supervisory authority over district attorneys).

**5.** This situation is similar to citizens of the United States who are domiciled abroad, who are not citizens of any state. They cannot sue or be sued in federal court on the basis of diversity of citizenship jurisdiction. *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 828–29, 109 S.Ct. 2218, 2220–21, 104 L.Ed.2d 893 (1989).

als. In the latter case, the entire action must be removable. Since the entire case is not removable, even assuming that a removable diversity claim was separately stated, it cannot be removed.

## V

 Plaintiff seeks its attorney's fees in opposing removal under 28 U.S.C. § 1447(c). It contends that the claimed grounds for removal were "tenuous." *See Samura v. Kaiser Found. Health Plan, Inc.*, 715 F.Supp. 970, 972 (N.D.Cal.1989). The grant of attorney's fees on removal and remand is a matter which rests within the sound discretion of the trial court. In this case, defendant's arguments for removal jurisdiction, while novel, are at least colorable. *See Hom v. Service Merchandise Co.*, 727 F.Supp. 1343, 1345 (N.D.Cal. 1990). Under these circumstances, the court declines to exercise its discretion in favor of granting attorney's fees.

## VI

Finally, defendant has "conditionally" applied for a certification of an interlocutory appeal, "if the Court determines that it lacks diversity jurisdiction." It cites *National Audubon Soc'y v. Department of Water & Power*, 858 F.2d 1409 (9th Cir. 1988), in support of its application. The citation is inapposite. *National Audubon* did not involve an appeal from an order of remand. The governing statute is clear:

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise....

28 U.S.C. § 1447(d). This case does not fit within the narrow exception to the statute's prohibition against appellate review of remand orders. *See, e.g., Clorox Co. v. United States Dist. Court*, 779 F.2d 517 (9th Cir.1985). It is true that the interlocutory appeal statute states that it applies to orders "not otherwise appealable under this section," 28 U.S.C. § 1292(b), and an order of remand is not appealable under § 1292. The court concludes, however, that § 1292(b) was never intended to apply to remand orders in the face of the clear and direct prohibition against appellate re-

view of such orders in 28 U.S.C. § 1447(d). This construction of § 1292(b) is supported by the Ninth Circuit's treatment of remand orders as final orders under 28 U.S.C. § 1291. *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 278 (9th Cir.1984). If they are final orders under § 1291, remand orders cannot also be interlocutory orders under § 1292. Thus, the application must be denied.

## VII

IT IS ORDERED:

1. This action, having been removed improvidently and without jurisdiction, hereby is REMANDED to the Superior Court of the State of California for the County of Los Angeles. 28 U.S.C. § 1447(c).

2. Plaintiff's request for attorney's fees is DENIED. Each party shall bear its own costs and attorney's fees on removal and remand. 28 U.S.C. § 1447(c).

3. Defendant's application that this order by certified for an interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), is DENIED. 28 U.S.C. §§ 1291 & 1447(d).