**REGENTS OF THE UNIVERSITY OF MINNESOTA, Plaintiff,**

v.

**GLAXO WELLCOME, INC., Defendant.**

**Civil No. 98–2465 DSD/JMM.**

United States District Court, D. Minnesota.

June 8, 1999.

John D. French, Kenneth A. Liebman, Felicia J. Boyd—all of Faegre & Benson, Minneapolis, MN, for plaintiff.

Stephen B. Judlowe, James M. Bollinger, Jason A. Lief, John F. Gallagher III—all of Hopgood, Calimafde, Kalil & Judlowe, LLP, New York City, Susan S. Dunn of Glaxo Wellcome Inc., Research Triangle Park, NC, for defendant.

## ORDER

DOTY, District Judge.

This matter is before the court on the objections of plaintiff to the order of United States Magistrate Judge John M. Mason dated March 16, 1999. Based on a review of the file, record, and proceedings, and for the reasons stated, the court affirms the magistrate judge's order.

## BACKGROUND

The facts underlying this dispute are not contested and are reviewed in the March 16, 1999, order at Magistrate Judge Mason. Procedurally, after plaintiff filed suit in Hennepin County District Court on October 16, 1998, defendant removed this action to federal court, invoking this court's jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Plaintiff then filed a timely motion to remand to state court pursuant to 28 U.S.C. § 1447(c). The magistrate judge held that this matter was properly removed to federal court and jurisdiction exists to hear this case. Plaintiff has filed timely objections, which will be discussed below.

## DISCUSSION

A motion to remand is considered a nondispositive matter that a magistrate judge can determine pursuant to 28 U.S.C. § 636(b)(1)(A). In examining plaintiff's objections, therefore, the court must affirm the order of the magistrate judge unless it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); D.Minn.L.R. 72.1(b)(2); *Banbury v. Omnitrition International, Inc.,* 818 F.Supp. 276, 279 (D.Minn.1993). Plaintiff has filed objections to both of the magistrate judge's findings. Specifically, plaintiff argues that the magistrate judge erred in: (1) holding that the federal court has subject matter jurisdiction over this matter; and (2) the Eleventh Amendment does not bar removal.

Plaintiff first argues that this declaratory judgment action does not arise under the patent laws and no basis for federal jurisdiction exists. In response, defendant maintains that the court has original jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). The parties do not dispute that the issue is whether, pursuant to the "well-pleaded complaint rule," plaintiff's claim constitutes a suit "arising under" the patent laws of the United States.

As pointed out by the magistrate judge, the complaint seeks a declaratory judgment establishing that defendant must manufacture Ziagen in the United States. Report and Recommendation (Docket No. 30) at 6. The complaint also seeks a declaration that the manufacture, use, or sale of Ziagen the United States will infringe one or more of the Vince patents which are the subject of the License Agreement between the parties. *Id.* at 7. In the complaint, plaintiff avers that:

Ziagen, if manufactured, used, or sold in the United States would infringe upon

certain of the U.S. Vince patents, including U.S. Patent No. 4,916,224, U.S. Patent No. 4,931,559, U.S. Patent No. 5,567,703, and U.S. Patent No. 5,631,370. Complaint at ¶ 20. Plaintiff avers that defendant will not perform certain "material obligations and duties" established in the parties' license agreement with respect to the manufacture and sale of Ziagen because of defendant's contention that "the use or sale of Ziagen in the United States will not infringe any Vince Patents in the United States[.]" Complaint ¶ 24. Plaintiff maintains, however, that Article 5.1 of the license agreement "does require [defendant] to pay [plaintiff] a 10% royalty on sales of Ziagen in the United States because the use or sale of Ziagen in the United States will infringe one or more Vince Patents[.]" Complaint ¶ 25.

In its prayer for relief, therefore, plaintiff seeks "a declaration that the sale of Ziagen in the United States, accrues the obligation under Article 5.1 to pay royalties of 10% to the University as provided in the License Agreement, based upon one or more claims of one or more of the U.S. Vince Patents." Complaint, Prayer for Relief at ¶ 1(a). In addition, plaintiff seeks a declaration that "sale of Ziagen manufactured in the United Kingdom accrues the obligation to pay the University royalties of 5% as provided in the License Agreement if the manufacture of Ziagen would infringe a valid claim of the Vince Patents in the United States, regardless of the actual place of manufacture." Complaint, Prayer for Relief at ¶ 1(d).

■■■ The Supreme Court has held that:

A district court's federal question jurisdiction ... extends over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends an resolution of a substantial question of federal law," *Franchise Tax Board of California v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420

(1983), in that "federal law is a necessary element of one of the well-pleaded claims," *id.,* at 13, 103 S.Ct. 2841. Linguistic consistency, to which we have historically adhered, demands that § 1338(a) jurisdiction likewise extend only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims.

*Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 808–09, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). *See also Scherbatskoy v. Halliburton Co.,* 125 F.3d 288, 291 (5th Cir.1997).

■■■ The court has reviewed the cases cited by the magistrate judge and both parties, and is in agreement with the magistrate judge that plaintiff's complaint invokes the federal patent laws. Determining whether declaratory relief is warranted in this case requires an analysis of whether defendant infringed the Vince patents, as infringement is a necessary precursor to a finding that defendant has breached the parties' license agreement. *See Hunter Douglas, Inc. v. Harmonic Design, Inc.,* 153 F.3d 1318, 1329 (Fed.Cir.1998), *cert. denied,* —— U.S. ——, 119 S.Ct. 1037, 143 L.Ed.2d 45 (1999); *Scherbatskoy,* 125 F.3d at 291; *Additive Controls & Measurement Systems, Inc. v. Flowdata, Inc.,* 986 F.2d 476, 478–79 (Fed.Cir.1993). Plaintiff's right to relief therefore depends on resolution of a substantial question of federal patent law. Because "federal courts have exclusive jurisdiction over state law causes of action in which a substantial question of federal patent law is pleaded as a necessary element of that claim," *Hunter Douglas,* 153 F.3d at 1321, removal to this court from Hennepin County District Court was proper.

■■■ Plaintiff also contends that the Eleventh Amendment bars the mainte-

nance of this action in federal court. Plaintiff argues that a state may not be drawn into federal court by removal any more than it can be sued directly as a defendant. The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

In his order, the magistrate judge reviewed the authority cited by both parties and concluded that the issue did not require resolution, as these authorities did not "support the relief sought by Plaintiff's Motion," as "Plaintiff's rights under the Eleventh Amendment to the Constitution, whatever they may be, do not include remanding this Complaint to the state courts." Order at 17. The court has reviewed the authority cited by the magistrate judge and parties, and concludes that the Eleventh Amendment does not bar removal of this action to federal court.

A number of recent cases directly refute plaintiff's argument that this case may not be removed from state to federal court. In a case decided by another district court in the Eighth Circuit, *State of Missouri v. Coeur D'Alene Tribe*, 1997 WL 603834 (W.D.Mo. Sept. 29, 1997), the plaintiff state argued that the Eleventh Amendment prohibits removal to federal court of cases involving the state without the state's consent. The court, however, held that:

> Plaintiff's argument is against the weight of established Supreme Court precedent and the language of the Eleventh Amendment itself. *See Illinois v. City of Milwaukee*, 406 U.S. 91, 100–01, 92 S.Ct. 1385, 31 L.Ed.2d 712 (1972); *Ames v. Kansas*, 111 U.S. 449, 470, 4 S.Ct. 437, 28 L.Ed. 482 (1884). Where a federal question is presented, as is the case here, the Eleventh Amendment does not bar removal of an action in which a state is the plaintiff.

*Id.* at *3. Similarly, in *People of the State of California v. Acme Fill Corp.*, 1997 LEXIS 16847 (N.D.Cal. Oct. 16, 1997), the state argued that the suit, involving federal question jurisdiction, was barred by the Eleventh Amendment. The court disagreed, holding:

> Because the Eleventh Amendment serves to "avoid the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties," *Puerto Rico Aqueduct and Sewer v. Metcalf & Eddy*, 506 U.S. 139, 146, 113 S.Ct. 684, 121 L.Ed.2d 605. 506 U.S. 139, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993), it does not bar suits in which the state is a plaintiff. It is well settled that "where a state is suing parties who are not other States, the jurisdiction of [the Supreme Court] is not exclusive and that those suits 'may now be brought in the Circuit Courts now the District Courts....'" *Illinois v. Milwaukee*, 406 U.S. 91, 101, 92 S.Ct. 1385, 31 L.Ed.2d 712 (1972) (quoting *Ames v. Kansas*, 111 U.S. 449, 470, 4 S.Ct. 437, 28 L.Ed. 482 (1884)).

*Acme* at *4. Because, the court concluded, the state brought suit against the defendant of its own accord, upon removal "it cannot now assert immunity from suit under the Eleventh Amendment." *Id.* Finally, in *Vermont v. Oncor Communications, Inc.*, 166 F.R.D. 313 (D.Vt.1996), the state, relying on the same precedent as cited by plaintiff here, argued that because the case was removed to federal court against its will the Eleventh Amendment should apply. The court disagreed, noting that "[s]uits brought by a state are not barred by the literal language of the amendment" and that "[i]t has long been the case that suits brought by a state against parties who are not other states may be brought in or removed to the [District Courts]." *Oncor Communications*, 166 F.R.D. at 321. The court held that "[t]he Eleventh Amendment does not bar removal of an action involving a federal question in which a state is the plaintiff." *Id.*

Other courts are in agreement. *See Kansas v. Home Cable Inc.*, 35 F.Supp.2d 783, 789 (D.Kan.1998) (quoting *Vermont v. Oncor Communications, supra*, and concluding that the contention that there is no circumstance in which suits brought by a state can be removed to federal court without violating the Eleventh Amendment is incorrect as a matter of law); *South Dakota State Cement Plant v. Wausau Underwriters Ins. Co.*, 778 F.Supp. 1515, 1522 (D.S.D.1991) (noting that where state is plaintiff, "[t]he contention that the Eleventh Amendment nevertheless has bearinq upon this Court's jurisdiction is not supported by any authority cited by either party."); *Terrebonne Parish School Board v. Mobil Oil Corp.*, 1989 WL 140217, at *1 (E.D.La. Nov. 9, 1989) ("We are aware of no case holding that the Eleventh Amendment prevents removal of a suit filed by a state as a plaintiff. We conclude that the Eleventh Amendment is inapplicable."); *State of Oregon v. City of Raineeshpuram*, 1984 LEXIS 14903 (D.Or. July 17, 1984) (finding that Eleventh Amendment was not a bar to adjudication in federal court); *State of N.Y. by Abrams v. Citibank, N.A.*, 537 F.Supp. 1192, 1197 (S.D.N.Y.1982) ("It is clear that an action can be removed notwithstanding the fact that a state is the plaintiff.").

The court is aware of authority holding that the Eleventh Amendment is a bar to the court's jurisdiction in this matter. After carefully reviewing these cases, however, the court finds them unpersuasive. In *People of State of Cal. v. Steelcase Inc.*, 792 F.Supp. 84 (C.D.Cal.1992), the court held that:

> [S]ince the immunity granted by the Eleventh Amendment is an immunity from being made an involuntary party to an action in federal court, it should apply equally to the case where the state in a plaintiff in an action commenced in state court and the action is removed to federal court by the defendant.

*Id.* at 86. It is noteworthy that the court in *Steelcase* did not cite any authority for this proposition, nor did it attempt to distinguish the other cases, cited above, which found the Eleventh Amendment was not a bar to removal of a state court action in which a state was the plaintiff. Also cited by plaintiff is *Moore ex. rel State of Miss. v. Abbott Laboratories, Inc.*, 900 F.Supp. 26 (S.D.Miss.1995), where the court held that the Eleventh Amendment barred removal. Relying on *Steelcase*, the court held that:

> By removing this matter to federal court, Defendants have involuntarily subjected the State of Mississippi to the jurisdiction of this Court. Because the State does not consent to this removal, the Court finds that it lacks subject matter jurisdiction over this action due to the Eleventh Amendment proscription[.]

*Id.* at 30. The court in *Abbott* also failed to distinguish cases to the contrary, basing its decision only on *Steelcase*. Because the court finds these cases to be against the weight of authority on this issue, the court will not follow them, and instead holds that the Eleventh Amendment is not a bar to removal of this state court action where the State of Minnesota was the plaintiff.

## CONCLUSION

Based on the reasons given in the magistrate judge's March 16, 1999, order and the discussion above, the court concludes that the decision of the magistrate judge to deny plaintiff's motion to remand to state court was neither clearly erroneous nor contrary to law. Therefore. **IT IS HEREBY ORDERED** that the March 16, 1999, order of United States Magistrate Judge John M. Mason is affirmed.