**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 24 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

STATE OF OKLAHOMA, ex rel.;
DREW EDMONDSON,

     Plaintiffs-Appellants,

v.                        No. 02-7139

MAGNOLIA MARINE TRANSPORT
COMPANY, a Mississippi
corporation; ERGON, INC.,
a Mississippi corporation;
WILLIAM JOE DEDMON,

     Defendants-Appellees.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**
**(D.C. No. 02-CV-330-P)**

---

Submitted on the briefs:

E. Clyde Kirk and Gregory S. Eldridge, Assistant Attorneys General, Litigation
Section, Oklahoma City, Oklahoma, for Plaintiffs-Appellants.

Michael Burrage and Sean Burrage, of Burrage Law Firm, Durant, Oklahoma, for
Defendants-Appellees Magnolia Marine Transport Company and Ergon, Inc.

Joel L. Wohlgemuth of Norman Wohlgemuth Chandler & Dowdell, Tulsa,
Oklahoma, for Defendant-Appellee William Joseph Dedmon.

---

Before **McCONNELL** , **ANDERSON** , and **BALDOCK** , Circuit Judges.

**ANDERSON** , Circuit Judge.

The plaintiff State of Oklahoma appeals from the denial of its motion to remand this case back to state court. The State asserts that removal of the case both violated the Eleventh Amendment and rested on an erroneous assertion of federal question jurisdiction. As explained below, we take jurisdiction of this interlocutory appeal under a particular variant of the collateral order doctrine, and, on the merits, hold that (1) the State's Eleventh Amendment immunity did not bar removal, but (2) the specific basis for federal question jurisdiction relied on by the district court was insufficient to support removal. Accordingly, we remand the case for further consideration of several alternative bases for federal question jurisdiction invoked in defendants' petition for removal. [1]

A brief recitation of the immediately pertinent facts should suffice to put the legal questions in context. The State filed this tort action in the District Court of Muskogee County, Oklahoma, to recover damages it incurred when a tugboat pushing two barges on the Arkansas River collided with the Interstate 40 bridge near Webber Falls, Oklahoma. The collision caused a portion of the bridge to

---

[1]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

collapse, resulting in death or serious injury to numerous people as well as substantial property damage. The tugboat was owned and operated by defendant Magnolia Marine Transport Company, a wholly owned subsidiary of defendant Ergon, Inc., and was under the command of defendant William Joe Dedmon at the time of the accident.

Shortly after the state action was commenced, defendants filed a notice of removal in the United States District Court for the Eastern District of Oklahoma, broadly alleging several bases for federal jurisdiction in support of removal under 28 U.S.C. § 1441(a) and (b). *See* Aplt. App. at 14-15. The State promptly moved to remand the case back to Muskogee County district court on the ground that removal subjected it to an involuntary assertion of federal court process and thereby violated its immunity under the Eleventh Amendment. *See id.* at 33-38. Defendants responded by arguing that the Eleventh Amendment applies to suits brought against the States, not to suits brought by a State. *See id.* at 39-44. In its subsequent reply, the State reargued the Eleventh Amendment point and, in the course of that argument, also asserted in passing that its tort complaint had not raised a federal question. *See id.* at 46.

The district court agreed with defendants' view regarding the scope of the Eleventh Amendment and denied the State's motion for remand. *See id.* at 51-57. The district court also discussed the relatively unexplored question of federal

subject matter jurisdiction supporting removal, holding that the State's action for damages caused by a commercial vessel on navigable waters was a "civil case of admiralty or maritime jurisdiction" and thus within its original jurisdiction under 28 U.S.C. § 1333(1). *Id.* at 55-57. The State now appeals, challenging both of these holdings.

Ordinarily, an interlocutory appeal may not be taken from the denial of a motion to remand a previously removed case. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996) (quoting *Chicago, R.I. & Pac. R.R. v. Stude*, 346 U.S. 574, 578 (1954)). But States "may take advantage of the collateral order doctrine to appeal a district court order denying a claim of Eleventh Amendment immunity." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 147 (1993). The State's motion for remand here involved such a claim. *See Texas v. Real Parties In Interest*, 259 F.3d 387, 391 (5th Cir. 2001). And, "because we have appellate jurisdiction over the interlocutory appeal of [the State's] assertion of Eleventh Amendment immunity, we also have [pendent] appellate jurisdiction to determine whether the district court had subject matter jurisdiction over the [State's] underlying claim against defendants in the first instance." *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1201 (10th Cir. 2002); *accord Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 429 (5th Cir. 2002).

-4-

We review the district court's determination of the Eleventh Amendment question de novo. *Chaffin v. Kan. State Fair Bd.*, 348 F.3d 850, 865 (10th Cir. 2003). Upon independent consideration of the constitutional text and relevant case law, however, we reach the same conclusion: the Eleventh Amendment's abrogation of federal judicial power "over any suit . . . commenced or prosecuted against one of the United States" does not apply to suits commenced or prosecuted *by* a State. A legion of case law could be cited reflecting the general understanding that "[t]he ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not *be sued* by private individuals in federal court." *Bd. of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) (emphasis added). In contrast, the Federal Circuit recently noted in denying an Eleventh Amendment challenge to a transfer of venue that the Supreme Court has never construed the Eleventh Amendment "to apply to suits in which a state is solely a plaintiff." *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1564 (Fed. Cir. 1997) (upholding transfer over Eleventh Amendment objection without recourse to principles governing territorial reach of immunity waiver "because this case does not create an Eleventh Amendment jurisdictional issue concerning which the question of waiver even arises").

More specifically regarding removal, the Supreme Court has held without qualification that "where a State is suing parties who are not other States," the

suit may "'be brought in *or removed to*'" the federal district courts "'without regard to the character of the parties.'" *Illinois v. City of Milwaukee*, 406 U.S. 91, 101 (1972) (quoting *Ames v. Kansas*, 111 U.S. 449, 470 (1884) (emphasis added)). While the immediate issue in *City of Milwaukee* and *Ames* was whether the Supreme Court's original jurisdiction in actions involving States is exclusive of jurisdiction in the lower federal courts, nearly every court to consider Eleventh Amendment immunity in the removal context has relied on the unconditional holding of those cases, in conjunction with the pointed and specific language used in the constitutional text itself, to conclude that a State cannot assert Eleventh Amendment immunity to bar the removal of a suit it has brought. *See, e.g.*, *South Dakota ex rel. South Dakota R.R. Auth. v. Burlington N. & Santa Fe Ry. Co.*, 280 F. Supp. 2d 919, 935 (D.S.D. 2003); *California v. PG & E Corp. (In re Pac. Gas & Elec. Co.)*, 281 B.R. 1, 6-7 (Bankr. N.D. Cal. 2002); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 297 (S.D.N.Y. 2001); *Regents of the Univ. of Minn. v. Glaxo Wellcome, Inc.*, 58 F. Supp. 2d 1036, 1039-40 (D. Minn. 1999); *Kansas ex rel. Stovall v. Home Cable Inc.*, 35 F. Supp. 2d 783, 789 (D. Kan. 1998); *Vermont v. Oncor Communications, Inc.*, 166 F.R.D. 313, 321 (D. Vt. 1996); *Banco y Agencia de Financiamiento de la Vivienda de P.R. v. Urbanizadora Villalba*, 681 F. Supp. 981, 982-83 (D.P.R. 1988). *But see Moore*

*ex rel. Miss. v. Abbott Labs., Inc.*, 900 F. Supp. 26, 30-31 (S.D. Miss. 1995);

*California v. Steelcase, Inc.*, 792 F. Supp. 84, 86 (C.D. Cal. 1992).

Thus, although we appear to be the first circuit court to examine the precise issue, our course here is hardly uncharted. Consistent with the constitutional text, relevant pronouncements of the Supreme Court, and the vast majority of district court cases directly on point, we hold that the State may not assert its Eleventh Amendment immunity to preclude defendants' removal of the tort action it brought against them in its own courts.

We hasten to add that our decision is not as broad as it may appear. There is an important factual qualification on our holding, not touched on in the body of case law cited above, that limits its direct effect on the question of removal per se as well as its significance for potential Eleventh Amendment issues that may arise post-removal. This appeal presents a simplest-case scenario for Eleventh Amendment analysis, in that the removed action involved only claims asserted by the State and no party sought to interject counterclaims or cross-claims against the State upon removal. Thus, we need not and do not express any opinion as to whether a private defendant may remove an action that includes claims of this sort asserted against a State plaintiff. [2] Nor does our decision imply or suggest any

---

[2] In *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381 (1998), the Court held that when a *State* removes a case, the presence of a mix of claims both inside and

(continued...)

-7-

particular result in the event a party seeks to assert a counterclaim or cross-claim against the State after removal over the State's objection. [3]

Turning to the jurisdictional basis for removal, the district court held that removal was proper based on 28 U.S.C. § 1333(1), which grants federal district courts "original jurisdiction, exclusive of the courts of the States" over "[a]ny civil case of admiralty or maritime jurisdiction." This grant of jurisdiction is, however, immediately qualified by a clause "saving to suitors in all cases all other remedies to which they are otherwise entitled." *Id.* The State argues persuasively that this clause undermines the district court's reliance on § 1331(1) to support removal here.

---

[2](...continued)
outside the scope of the Eleventh Amendment does not affect removability. The issue reserved above, however–whether *private defendants* can remove a case over a State objection if there are any claims asserted against the State–involves quite different concerns.

[3] There is a body of case law addressing counterclaims asserted against States that have voluntarily brought suit in federal court. *See, e.g.*, *Regents of the Univ. of N.M. v. Knight*, 321 F.3d 1111, 1123-24 (Fed. Cir.), *cert. denied*, 124 S. Ct. 104 (2003). Again, however, the treatment of such claims in cases filed by the State in its own courts and later removed by the defendant raises distinct concerns. *Compare* *Oregon v. City of Rajneeshpuram*, 598 F. Supp. 1217, 1219, 1221 (D. Or. 1984) (holding that although Eleventh Amendment did not bar defendants' removal of State's action, it did bar defendants' counterclaim for injunctive relief) *with* *Puerto Rico v. Sea-Land Serv., Inc.*, 349 F. Supp. 964, 977 (D.P.R. 1970) (holding waiver of immunity extends to counterclaims asserted by private defendant after removal of suit to federal court).

The Supreme Court has noted that the "historic option of a maritime suitor pursuing common-law remedies to select his forum," which is the object of the savings clause, "would be taken away by an expanded view of § 1331, since savings-clause actions would then be freely removable under § 1441." *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 371-72 (1959); *see Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 455 (2001). Following *Romero*, "[c]ourts have consistently interpreted the 'savings clause' to preclude removal of maritime actions brought in state court and invoking a state law remedy, provided there is no independent basis for removal" such as the presence of a federal question or diversity of citizenship. *In re Chimenti*, 79 F.3d 534, 537 (6th Cir. 1996); *see also U.S. Express Lines, Ltd. v. Higgins,* 281 F.3d 383, 390 (3d Cir. 2002); *Servis v. Hiller Sys., Inc.*, 54 F.3d 203, 206-07 (4th Cir. 1995).

Defendants offer no substantive opposition to this analysis. Instead, they note that their petition for removal alleged several sources for federal jurisdiction that the district court has had no occasion to consider, and suggest that a remand for further proceedings would be the appropriate course in the event we agree with the State that § 1331(1) cannot support removal.[4] The State has responded to

---

[4] Defendants also suggest, in summary fashion and without any supporting authority, that the State's appeal in a related case may render this appeal moot. Original Brief of Defendants-Appellees at 13-14. The State's thorough response has satisfied us that this suggestion is meritless. Reply Brief of the State of Okla.

(continued...)

-9-

this suggestion with a fairly summary argument that none of the alternative bases for federal jurisdiction are meritorious. Given the cursory and collateral nature of the briefing on this decisive issue, we deem it best to remand to permit fuller argument to and consideration by the district court in the first instance.

The order of the district court denying the State's motion for remand is AFFIRMED insofar as it rejects the State's assertion of Eleventh Amendment immunity and REVERSED insofar as it relies on § 1331(1) as a source for federal question jurisdiction to support removal. The matter is remanded for further proceedings consistent with this decision.

---

[4](...continued)
at 15-21.