**Jeffrey PRESSMAN and Carrol Pressman, Plaintiffs,**

v.

**MERIDIAN MORTGAGE CO., INC., a Hawaii corp., William Rogers and Shawn Patterson, Defendants.**

No. CIV. 03–00568ACKLEK.

United States District Court, D. Hawai'i.

April 1, 2004.

Richard L. Rost, Wailuku Maui, HI, for Jeffrey Pressman, Carol Pressman, plaintiffs.

Steven K.S. Chung, Randall K. Ishikawa, Oshima Chun Fong & Chung LLP, Honolulu, HI, William M. Rogers, IV, Pro se, Kihei, for Meridian Mortgage Company, Inc., a Hawaii corporation, William M. Rogers, IV, Shawn Patterson, defendants.

## ORDER ADOPTING IN PART AND REJECTING IN PART MAGISTRATE'S FINDINGS AND RECOMMENDATIONS GRANTING PLAINTIFFS' MOTION FOR REMAND FILED JANUARY 26, 2004

KAY, District Judge.

### BACKGROUND

This matter comes before the Court on Defendant Meridian Mortgage Company, Inc.'s objection to Magistrate Judge Kobayashi's findings and recommendations granting Plaintiffs Jeffrey and Carrol Pressman's motion for remand. For the following reasons, the Court ADOPTS the Magistrate's recommendation granting remand but REJECTS the Magistrate's finding that removal was improper and therefore REJECTS the Magistrate's recommendation to grant attorney's fees and costs to Plaintiffs.

### I. Underlying Factual History

Jeffrey and Carrol Pressman ("Plaintiffs") allege, in relevant part, that Meridian Mortgage Company, Inc. ("Meridian") and two of its employees (collectively, "Defendants") accepted money from the Plaintiffs to conduct an appraisal and process the Plaintiffs' mortgage application. (Complaint, ¶ 8). Plaintiffs contend that both orally and in two written letters, the Defendants falsely represented that Plaintiffs had been pre-approved and later, approved, for a $615,000 loan. (Complaint, ¶¶ 9–11 and Exs. A, B). Plaintiffs claim that this alleged "conduct of Defendants constitutes violations of H.R.S. Sections 454–3.1 and 454–4." (Complaint, ¶ 12).

Hawaii Revised Statutes, Section 454–3.1 provides:

> For any transaction between a mortgage broker or a mortgage solicitor and a borrower, the following requirements shall apply:
>
> (1) A mortgage broker and a mortgage solicitor shall comply with all provisions of the Real Estate Settlement Procedures Act, the Truth in Lending Act, and the Equal Credit Opportunity Act, as those laws currently exist or as they may be amended.
>
> (2) Any written commitment letter to make a mortgage loan with specified terms, including loan amount, interest rate, points, and payment terms, which

is issued by a mortgage broker or solicitor and accepted by a borrower, must be honored by the mortgage broker or solicitor if the borrower has completely satisfied all of the conditions of the commitment in a timely manner and prior to the specified expiration date of the commitment.

Haw.Rev.Stat. § 454–3.1.[1]

## II. *Remand/Removal History*

Plaintiffs filed their Complaint in the Circuit Court of the Second Circuit, State of Hawaii ("state court") on September 16, 2003. The Complaint was served on Meridian and Defendant William Rogers, but not on Defendant Shawn Patterson. (Plaintiffs' Motion for Remand, at 2). On October 20, 2003, Meridian filed a Notice of Removal pursuant to 28 U.S.C. § 1441, on the basis of federal question jurisdiction.

According to the Plaintiffs, two days after Meridian filed the Notice of Removal, Meridian and the Plaintiffs exchanged a series of letters through which Plaintiffs suggested that the parties stipulate to a remand with language indicating that Plaintiffs are not claiming violations of subsection (1) of HRS Section 454–3.1, which requires compliance with three federal statutes. (Plaintiffs' Reply To Defendant's Objection, 5). When Meridian rejected this suggestion, Plaintiffs wrote again indicating that they would request sanctions against Meridian if forced to move for a remand. *Id.*

On October 29, 2003, Plaintiffs filed a Motion for Remand and on the same day this Court referred the remand motion to United States Magistrate Judge Kobayashi for findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule ("LR") 72.4. The grounds for Plaintiffs' remand motion was Meridian's purported "misrepresentations of fact and law," that "[t]here are no Federal claims being alleged by the Plaintiffs," and that Defendant's attorney "Mr. Chung has violated Rule 11 of the Federal Rules of Civil Procedure in filing the Notice of Removal" and therefore "Plaintiffs are entitled to an award of attorney's fees and costs under F.R.C.P. Rule 11 and 28 U.S.C. § 1447(c)." (Plaintiff's Motion for Remand, at 4). Plaintiffs did not argue any other bases for improper removal or remand. *Id.*

Defendant William Rogers' Consent To Removal By Defendant Meridian Mortgage Company, Inc. Of Civil No. 03–1–0383(1) (Second Circuit Court) To The United States District Court For The District Of Hawai'i was filed on November 12, 2003. On November 14, 2003 Meridian filed its Opposition to the remand motion arguing that the Complaint raises federal questions but is 'artfully pleaded' to avoid federal jurisdiction. (Defendant Meridian's Memorandum in Opposition to Motion to Remand, at 2). Plaintiffs replied on November 25, 2003, arguing for the first time that "removal was improper because Rogers' consent was not timely filed" while acknowledging that they "did not raise the lack of Rogers' consent to the [removal petition] as a basis for the remand" in their original motion. (Plaintiffs' Reply Memorandum in support of remand, at 9).

On January 26, 2004, Judge Kobayashi found that removal of the underlying action was improper because Plaintiffs' claims arise solely from state law causes of action and accordingly recommended that Plaintiffs' Motion for Remand be granted. (Findings and Recommendations Granting Plaintiffs' Motion For Remand, hereinafter "Findings and Recommendations"). Judge Kobayashi also recommended that the Plaintiffs' request for reimbursement of attorney fees and costs incurred in attacking the removal be granted. Because

---

1. Hawaii Revised Statutes Section 454–4 is not at issue here.

Judge Kobayashi found federal subject matter jurisdiction lacking in the Complaint, she found it unnecessary to address Plaintiffs' alternative argument for improper removal based on Defendants Rogers and Patterson's failure to join the removal petition. (*Id.*, at 8).

On February 5, 2004, Meridian filed its Objection to Judge Kobayashi's Findings and Recommendations Granting Plaintiffs' Motion For Remand ("Objection"). Specifically, Meridian objects to Judge Kobayashi's finding that removal was improper and her recommendation that the Plaintiffs be reimbursed for the attorney fees and costs they incurred in attacking the removal. Meridian argues that fees can only be awarded if removal was improper at the time it was instigated and that at the time Meridian filed its notice of removal, it was proper to do so. According to Meridian, removal only became improper when Plaintiffs later clarified that they were not alleging violations of HRS 454–3.1 subsection (1). Meridian does *not* object to the Magistrate's recommendation to remand the case back to state court.

On February 12, 2004, Plaintiffs filed their Reply to Defendant's Objection ("Reply"). Plaintiffs contend that because Meridian is not objecting to the recommendation that the case be remanded back to state court it has conceded that removal was improper and thus the award of fees to Plaintiffs is appropriate. Neither of the moving papers for the instant action address whether removal was improper given Defendants Rogers and Patterson's failure to timely consent to removal.

## STANDARD

Any party may object to a magistrate's case dispositive proposed order, findings, or recommendation. 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); LR 74.2. The district court must make a de novo determination of those portions of the magistrate's findings to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate. *Id.* De novo review means the Court must consider the matter anew, as if it had not been heard before and as if no decision previously had been rendered. *Ness v. Comm'r*, 954 F.2d 1495, 1497 (9th Cir. 1992). Thus although the district court need not hold a de novo hearing, the Court's obligation is to arrive at its own independent conclusion about those portions of the magistrate's findings or recommendation to which objections are made. *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir.1989).

The Court may accept those portions of the magistrate's findings and recommendation which are not objected to if it is satisfied that there is no clear error on the face of the record. *See Campbell v. United States District Court*, 501 F.2d 196, 206 (9th Cir.1974).

## DISCUSSION

At issue here is whether removal was improper and if so, whether this Court should adopt the Magistrate's award of attorney's fees and costs to Plaintiff.

## I. *Applicable Law*

Section 1447(c) of Title 28 provides, in relevant part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

■ Under Section 1447(c) an award of attorney fees and costs is only authorized if removal was improper. *See Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487 (9th Cir.1995). In *Baddie*, the defendants properly removed their case to federal court on the basis of federal subject matter jurisdiction and plaintiffs responded by

dismissing the union defendants, thereby dismissing their federal claims and allowing remand back to state court. *Id.* at 489.[2] Acknowledging that just as "[a] plaintiff is entitled to file both state and federal causes of action in state court[,][t]he defendant is entitled to remove," the court held that a fee award was unauthorized because (1) section 1447(c) does not authorize an award of costs or fees when the initial removal was proper; and (2) it would be an abuse of discretion under any reading of the statute to penalize plaintiffs who, knowing that a state court forum is more important to them than their federal claims, nevertheless plead both state and federal claims in state court, with the intent to dismiss federal claims later to avoid federal court if the defendant removes.

*Id.* at 490. Thus, the validity of the Magistrate's recommendation of attorney fees and costs first depends on whether she correctly found that there was no federal jurisdiction when Meridian filed its notice of removal. *Balcorta v. Twentieth Century—Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir.2000).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* (citing *Caterpillar, Inc. v.*

*Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)).

■ Although the well-pleaded complaint rule focuses on the "face" of the complaint, "[c]laims brought under state law may 'arise under' federal law if vindication of the state right necessarily turns upon consideration of a substantial question of federal law, i.e., if federal law is a necessary element of one of the well-pleaded claims." *Ultramar America Ltd. v. Dwelle*, 900 F.2d 1412, 1414 (9th Cir.1990) (citation omitted).[3] Moreover, "[a]n artfully pleaded claim is one that in reality arises under federal law and thus must be recharacterized as such despite the fact that it purports to rely solely on state law." *Ultramar*, 900 F.2d at 1415. Thus, "in addition to examining the literal language selected by the plaintiff, the district court must analyze whether jurisdiction would exist under a properly pleaded complaint." *Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir.1997).

■ Removal may also be improper if all necessary parties do not consent to the removal petition. *See Hewitt v. City of Stanton*, 798 F.2d 1230, 1232–33 (9th Cir. 1986) ("All defendants must join in a removal petition with the exception of nominal parties ... A defendant is a nominal party where his role is limited to that of a stakeholder or depositary.") (citing 28 U.S.C § 1446(b))(other citations omitted). "This general rule applies, however, only

2. The *Baddie* plaintiffs' claim against the union required interpretation of a collective bargaining agreement, thus allowing the union defendants to remove the case to federal district court pursuant to 29 U.S.C. § 185(a) and 28 U.S.C. § 1441. *See Baddie*, 64 F.3d, at 489.

3. One limitation on finding federal jurisdiction based on a state cause of action is that the federal law relied on by the state claim must itself provide a private, federal cause of

action. *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 817, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) (concluding "that a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.' 28 U.S.C. § 1331.").

to defendants properly joined and served in the action." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir.1988) (citation omitted). Finally, motions to remand "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal," 28 U.S.C. § 1447(c), otherwise such defects, including a defendant's failure to join the notice of removal, are waived. *See Vasquez v. NCTD*, 292 F.3d 1049, 1060 n. 5 (9th Cir. 2002) ("Even though some Defendants failed to join the notice of removal in this case, no party made a timely motion to remand, thus waiving any potential defect.").

If a court determines that removal is improper, it has discretion to award to the plaintiff the attorney's fees and costs the plaintiff incurred in attacking removal. *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 446 (9th Cir.1992) ("By adding attorney's fees to costs which may be awarded after remand, Congress provided the statutory authorization necessary to award fees without a finding of bad faith. Congress has unambiguously left the award of fees to the discretion of the district court."). "In making this determination, courts apply a test of 'overall fairness given the nature of the case, the circumstances of the remand, and the effect on the parties'." *Dacey v. Morgan Stanley Dean Witter & Co.*, 263 F.Supp.2d 706, 712 (S.D.N.Y.2003) (citing *Morgan Guaranty Trust Co. of New York v. Republic of Palau*, 971 F.2d 917, 923–24 (2d Cir.1992)).

■ Factors that courts generally consider in deciding whether or not to award attorney's fees and costs to a plaintiff include: [1] whether the defendant's argument for removal was "at least colorable" or had any merit. *People v. Steelcase, Inc.*, 792 F.Supp. 84, 87 (C.D.Cal.1992); [2] "the complexity of the subject matter and

subtleties surrounding the reach of" the federal question(s) potentially raised in a complaint. *Atlantis Health Plan, Inc. v. Local 713*, 258 F.Supp.2d 284, 296 (S.D.N.Y.2003) (citation omitted); and [3] whether "the nonremovability of the action is obvious." *Olsen v. Olsen*, 580 F.Supp. 1569, 1572 (N.D.Ind.1984).

## II. *Analysis*

Meridian filed the Notice of Removal on October 20, 2003. There is little question that since that date Plaintiffs have clarified the specific provisions on which their suit against Defendants is based and remand is clearly proper now. The Court also agrees with the Magistrate that "Plaintiffs' express representations that their claims arise solely from subsection (2) of HRS § 454–3.1 preclude Plaintiffs from later claiming that Defendants violated subsection (1) of the statute." (Findings and Recommendations Granting Plaintiffs' Motion For Remand, 7). But such "express representations" to the Magistrate Judge are only effective after the remand, a benefit that was obtained by Plaintiffs in taking the position that the Complaint contains no federal claims. *See Helfand v. Gerson*, 105 F.3d 530, 534–35 (9th Cir. 1997) (discussing doctrine of judicial estoppel, which "precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position" and applies to a party's stated position, "regardless of whether it is an expression of intention, a statement of fact, or a legal assertion").

### A. *Federal Question Jurisdiction*

Although remand is proper now, *Baddie* illustrates that proper remand is not mutually exclusive from proper removal of the same case. And an award of attorney's fees to the Plaintiff is only authorized where removal was improper.

■ Meridian argues that the remand/removal facts of this case are analogous to those in *Baddie* and therefore the Magistrate's award of fees is unauthorized. The Court agrees with Meridian (with the exception that here following removal Plaintiffs proffered to stipulate to withdraw any federal claims and subsequently expressed the same to the Magistrate; whereas in *Baddie* the plaintiff dismissed all federal claims following removal). On its face, Plaintiffs' Complaint states a claim under HRS 454–3.1 without specifying either of its subsections. Subsection (1) clearly "arises under" federal law, specifically under the Real Estate Settlement Procedures Act ("RESPA"), the Truth in Lending Act ("TILA"), and the Equal Credit Opportunity Act ("ECOA"). Nothing in the Complaint indicates that subsection (1) is not at issue, especially given that these three federal statutes are meant to have broad application. One example of how the Complaint apparently raises federal questions is based on the Defendants' seeming failure to adequately disclose the terms of the loan for which Plaintiffs submitted an application. "Under RESPA and TILA, a creditor or broker must provide a good faith estimate of costs, fees, and other terms of a mortgage before the earlier of: (1) the extension of credit, or (2) three business days after the creditor receives the consumer's written application for a residential mortgage loan." *Brazier v. Security Pacific Mortgage, Inc.*, 245 F.Supp.2d 1136, 1141 (W.D.Wash.2003)

(citing 12 U.S.C. § 2604(c); 15 U.S.C. § 1638(b)(2); 12 C.F.R. § 226.19(a)(1)).[4]

Plaintiffs allege that in June 2003 they submitted a mortgage application to the Defendants and paid for the application to be processed. "Throughout June 2003, Defendant Patterson assured Plaintiffs that the loan process was going forward." (Complaint, ¶ 9). However, Plaintiffs did not receive a "good faith estimate" of the costs associated with their loan within three days of applying for it. Instead, Defendants issued two letters to Plaintiffs indicating only that Plaintiffs had been pre-approved and approved for a loan up to $615,000 without disclosing any of the information required to be disclosed under RESPA and TILA. Thus, given that "Plaintiffs submit that their claims against Defendants arise under subsection (2) of HRS § 454–3.1 'because the commitment letter did not contain the information required by State law to be contained therein'," (Findings and Recommendations, at 6)(quoting Plaintiff's Memorandum in Support of its Motion to Remand, at 2), it seems that their claims against Defendants might also arise under subsection (1) of HRS 454–3.1 because the alleged commitment letter did not contain information required by Federal law, specifically the disclosure requirements of the Truth in Lending Act.[5]

Federal question jurisdiction can exist where resolution of state claims requires examination of federal law. If the Plaintiffs' case had been well pled, it would have

---

4. Although "there [i]s no implied private civil remedy for violations of Real Estate Settlement Procedure Act (RESPA), requiring mortgage lender to provide borrower with good faith estimate of amount or range of charges for specific settlement services borrower is likely to incur," *Collins v. FMHA–USDA*, 105 F.3d 1366 (11th Cir.1997), cert. denied 521 U.S. 1127, 117 S.Ct. 2528, 138 L.Ed.2d 1028, TILA does provide for a private right of action when a mortgage lender fails to timely pro-

vide required disclosures. *See* 15 U.S.C. § 1640.

5. In discussing how federal questions are seemingly raised by the Complaint, the Court makes no determinations regarding whether the letters at issue constitute formal "commitment letters" nor whether they failed to contain information required by state law. That is for the state court to decide upon remand.

been clear initially that no federal questions were being raised by the Plaintiffs. However, the Complaint was not well pled and it raised the specter of "artful pleading" to hide federal claims. Defendants had a right to argue their case in federal court until, as in *Baddie*, Plaintiffs effectively "amended" the Complaint by clarifying that they were not claiming violations of subsection (1), which would require interpretation of ECOA, RESPA, and/or TILA.

### B. *Defendants' Failure To Join Removal Petition*

Judge Kobayashi did not address the Plaintiffs' alternative argument for improper removal based on Meridian's failure to obtain the consent of all defendants and neither party briefed this issue in their current moving papers. However, Plaintiffs' argument for improper removal based on the other defendants' failure to consent to removal is unpersuasive for the following reasons.

First, Defendant Patterson need not have joined the removal petition because he was never served with the original Complaint.

■ Second, although the Plaintiffs timely filed their Motion For Remand based on lack of subject matter jurisdiction (which in any event is not limited to 30 days) Plaintiffs did not raise this alternative argument based on a merely procedural defect until they filed their Reply more than 30 days after the notice of removal was filed. Moreover, before Plaintiffs filed their Reply, Defendant Rogers filed his consent to removal. Finally, the Court finds that Plaintiffs have waived their right to object to removal on the basis of either Defendants' failure to

join Meridian's removal petition because Plaintiffs failed to timely assert this objection within 30 days of removal.[6]

Although remand is proper now, the Court finds that removal was proper when Meridian filed the Notice of Removal and therefore no attorney's fees award is authorized. Moreover, even if removal was improper, an award of attorney's fees and costs is not appropriate because Meridian's argument for removal is "at least colorable" given the "the complexity of the subject matter and subtleties" of RESPA and TILA. *See Steelcase*, 792 F.Supp. at 87; *Atlantis*, 258 F.Supp.2d at 296.

### CONCLUSION

For the foregoing reasons, the Court ADOPTS the Magistrate's recommendation granting remand but REJECTS the Magistrate's finding that removal was improper and therefore REJECTS the Magistrate's recommendation to grant attorney fees and costs to Plaintiffs. This case should be remanded to state court without an award of attorney's fees to the Plaintiffs.

IT IS SO ORDERED.

■

---

**6.** In finding that this procedural defect was waived by Plaintiffs, the Court does not make any determinations regarding Defendants Rogers or Patterson's role as "principal" or "nominal" parties in the case. That is for the state court to decide upon remand, if appropriate for this case.