People of the State of CALIFORNIA, ex rel. Bill LOCKYER, Attorney General, Plaintiff—Appellant,

v.

TRANSCANADA POWER L.P., a Canadian Limited Partnership; Transcanada Power Services Ltd., a Canada Corporation; Transcanada Energy, a Canadian Corporation, Defendants—Appellees.

People of the State of California, ex rel. Bill Lockyer, Attorney General of the State of California, Plaintiff—Appellant,

v.

Reliant Energy, Inc.; Reliant Energy Services, Inc.; Reliant Energy Power Generation, Inc.; Reliant Resources, Inc.; Reliant Energy Coolwater, L.L.C.; Reliant Energy Ellwood, L.L.C.; Reliant Energy Etiwanda, L.L.C.; Reliant Energy Mandalay, L.L.C.; Reliant Energy Ormond Beach, L.L.C., Defendants—Appellees.

People of the State of California, ex rel. Bill Lockyer, Attorney General of the State of California; Bill Lockyer, Attorney General of the State of California, Plaintiffs—Appellants,

v.

Mirant Corporation; Mirant California, L.L.C.; Mirant Potrero L.L.C.; Mirant Americas Energy Marketing, L.P.; Mirant California Investments, Inc.; Mirant Americas Inc.; Southern Energy Golden States Holdings, Inc., Defendants—Appellees.

People of the State of California, ex rel. Bill Lockyer, Attorney General of the State of California, Plaintiff—Appellant,

v.

Idaho Power Company, Defendant—Appellee.

People of the State of California, ex rel. Bill Lockyer, Attorney General of the State of California, Plaintiff—Appellant,

v.

Puget Sound Energy, a Washington Corporation, Defendant—Appellee.

People of the State of California, ex rel. Bill Lockyer, Attorney General of the State of California, Plaintiffs—Appellants,

v.

Tucson Electric Power Company, Defendant—Appellee.

People of the State of California, ex rel. Bill Lockyer, Attorney General, et al., Plaintiff—Appellant,

v.

Merrill Lynch Capital Services Inc., a Delaware Corporation, Defendant—Appellee.

People of the State of California, ex rel. Bill Lockyer, Attorney General of the State of California, Plaintiffs—Appellants,

v.

Coral Power, L.L.C., Defendant—Appellee.

People of the State of California, ex rel. Bill Lockyer, Attorney General of the State of California, Plaintiffs—Appellants,

v.

Transalta Energy Marketing (California), Inc., a Delaware Corporation; Transalta Energy Marketing (US), Inc., a Delaware Corporation; Transalta Energy Marketing Corporation, a Canadian Corporation, Defendants—Appellees.

People of the State of California, ex rel. Bill Lockyer, Attorney General of the State of California, Plaintiffs—Appellants,

v.

BP Energy Company, a Delaware Corporation, Defendant—Appellee.

Nos. 03–15585, 03–15590, 03–15638, 03–15671, 03–15673, 03–15675, 03–15691, 03–15694, 03–15696, 03–16337.

D.C. Nos. CV–02–03731–VRW, CV–02–02061–VRW, CV–02–02207–VRW, CV–02–03042–VRW, CV–02–03036–VRW, CV–02–03041–VRW, CV–02–03127–VRW, CV–02–02400–VRW, CV–02–03040–VRW, CV–02–03311–VRW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 2004.

Decided Oct. 12, 2004.

Bruce A. Scheidt, Susan R. Denious, Gregory Fisher, Kronick, Moskovitz, Tiedemann & Girard, Sacramento, CA, Amon M. Connolly, Department Of Justice, Office of the Attorney General, Ken Alex, Attorney General of the State of California, Oakland, CA, Laura J. Zuckerman, Tamar Pachter, Paul E. Stein, Pamela Merchant, Agca–Office of the California, Attorney General, Thomas Greene, Deputy Atty. Gen., Danette E. Valdez, Bill Lockyer, Attorney General, San Francisco, CA, for Plaintiffs–Appellants.

Ralph W. Tarr, Pamela M. Roberson, Andrews & Kurth, LLP, John A. Sturgeon, Bryan A. Merryman, Robert P. Pongetti, White & Case, LLP, Richard R. Mainland, Peter H. Mason, Joshua D. Lichtman, Fulbright & Jaworski, LLP, Margot A. Metzner, Morrison & Foerster, LLP, Los Angeles, CA, Donn P. Pickett, Terry J. Houlihan, John D. Pernick, David A. Kaiser, Geoffrey T. Holtz, Nora Cregan, Thomas S. Hixson, Bingham McCutchen, LLP, Scott A. Fink, Gibson, Dunn & Crutcher, San Franciso, CA, J. Gregory Copeland, Baker Botts, LLP, David E. Miller, Houston, TX, Roger E. Collanton, Gordon P. Erspamer, Morrison & Foerster, LLP, Walnut Creek, CA, Steven M. Kaufmann, Morrison & Foerster, Denver, CO, Jonathan C. Dickey, Gibson Dunn & Crutcher LLP, Palo Alto, CA, John W. Edwards, Jones, Day Reavis & Pogue, Menlo Park, CA, for Defendants–Appellees.

Before SCHROEDER, Chief Judge, CANBY, and TALLMAN, Circuit Judges.

MEMORANDUM*

These consolidated cases all arise from the electricity crisis that gripped California in the summer of 2000. The State of California, by its Attorney General, filed suit in state court against each of the

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

respondents, alleging that they had violated California's proscription against unfair competition under § 17200 of the California Business and Professions Code by failing to file "the charge, rate, price or contract" for "each and every sale or purchase of wholesale energy" with the Federal Energy Regulation Commission ("FERC") as required by the Federal Power Act, and in charging "unfair, unreasonable, and therefore unlawful" rates in violation of the Act. We conclude that disposition of this case is wholly controlled by our decisions in *California v. Dynegy, Inc.*, 375 F.3d 831 (9th Cir.2004) (*"Dynegy"*), and *Pub. Util. Dist. No. 1 of Snohomish County v. Dynegy Power Mktg., Inc.*, 384 F.3d 756 (9th Cir. 2004) (*"Snohomish"*), and we affirm.

In *Dynegy*, we held that California as plaintiff could not circumvent federal jurisdiction by couching undeniably federal law claims in state law terms. *See Dynegy*, 375 F.3d at 843. Both of California's claims in this case—that the respondents failed to file rates with FERC and charged unjust and unreasonable rates—are wholly predicated on violations of the Federal Power Act, which are within the exclusive jurisdiction of the federal courts. *See* 16 U.S.C. § 825p. Removal was therefore proper.[1]

We also held in *Dynegy* that a "state that voluntarily brings suit as a plaintiff in state court cannot invoke the Eleventh Amendment when the defendant seeks removal to a federal court of competent jurisdiction." *Dynegy*, 375 F.3d at 848; *see also Oklahoma ex rel. Edmondson v. Magnolia Marine Transp. Co.*, 359 F.3d 1237, 1239–40 (10th Cir.2004). California therefore was not entitled to use its Eleventh Amendment immunity as a shield against removal.

In *Snohomish*, we held that field preemption, conflict preemption, and the filed rate doctrine all preclude a district court from deciding a case that requires it to determine a fair price for wholesale electricity, even in a market-based system, because to do so interferes with FERC's exclusive jurisdiction to set wholesale electricity rates. *Snohomish*, 384 F.3d at 761–62. In this litigation, California claims that the respondents charged an unjust and unreasonable rate, thereby implicitly asking the district court to determine what a fair price in a competitive market would have been. Such a determination would violate all three preemption doctrines. *See id.* Further, in *Dynegy*, we said that "remedies for breach and non-performance of FERC-approved operating agreements in the interstate wholesale electricity market fall within the exclusive domain of FERC." *Dynegy*, 375 F.3d at 852. FERC decided that it need require only quarterly rate filings under a market-based tariff system "to assure that [sellers are] not exercising market power in the relevant market." *See California v. B.C. Power Exch. Corp.*, 99 FERC ¶ 61,247 (2002), 2002 WL 32035504, at *12. FERC further decided that the only remedy necessary for the respondents' failure to file a quarterly report was to order the respondents retroactively to comply with the quarterly filing requirement. *See id.*, at *16–19. If California objects to this remedy, it must address its objection to FERC, not to the federal courts. The district court correctly dismissed all of California's claims.

**AFFIRMED.**

---

1. As we stated in *Dynegy*, this case presents an exception to the general rule that federal jurisdiction does not exist when there is no private right of action conferred by federal statute. *See Dynegy*, 375 F.3d at 841–42; *Merrell Dow Pharm. v. Thompson*, 478 U.S. 804, 817, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986).